**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                    Case No. 5:91cr5008-WS

**THOMAS LEE STEPHENS,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION TO DENY MOTION

Defendant Stephens filed a motion for preservation of rights. Doc. 240. He wishes to preserve his rights under the Fair Sentencing Act of 2010 (FSA), referencing Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 243 (2005). The motion was filed only as a precaution, as Defendant is "not sure if the rights recognized [in the FSA] would follow the same logic" applied in Dodd. Doc. 240, pp. 1-2.

In Dodd the Supreme Court addressed the time limit for filing a 28 U.S.C. § 2255 motion. There is a one year time limit for filing a § 2255 motion, the time commencing from (as relevant there) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review." § 2255(f)(3).[1] The Court found the language very clear in commencing the time from the first date, rather than the date on which the right became retroactive. *Id.*, at 357-360, 125 S.Ct. at 2482-83. The second clause instead imposed a condition for application of the later commencement date identified in the first clause,[2] as defendant "may take advantage of the date in the first clause of [§ 2255(f)(3)] only if the conditions in the second clause are met." *Id.*, at 359, 125 S.Ct. at 2482.

Dodd interpreted the language of § 2253(f)(3), and the reasoning of that case does not potentially apply here to a statutory change. Any right afforded by statute or statutory amendment enacted by Congress is not a right initially and newly recognized by the Supreme Court, even if the Court ultimately rules that the statute or amendment applies retroactively. Further, the Eleventh Circuit has held that the FSA does not apply to defendants sentenced before the FSA was enacted, but does apply to defendants sentenced after, even if sentenced for offenses committed before enactment. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1833 (2011); United States v. Vera Rojas, 645 F.3d 1234, 1237-40 (11th Cir. 2011). "[T]he necessary and fair implication of the FSA is that Congress intended the Act to *apply to all sentencings going forward* . . . ." *Id.*, at 1239 (emphasis added).

---

[1] The Court referred to this section as § 2255 ¶ 6(3). Section 2255 was amended in 2008 to identify subsections by letter; ¶ 6 therefore became subsection (f).

[2] Section 2255(f) provides that the one year commences from the latest of four possible commencement dates. § 2255(f)(1)-(4). The time generally runs from "the date on which the judgment of conviction becomes final" under § 2255(f)(1), "[b]ut later filings are permitted where subparagraphs (2)-(4) apply." 545 U.S. at 356-357, 125 S.Ct. at 2481.

Case No. 5:91cr5008-WS

If Congress ultimately makes the FSA retroactive to those sentenced before its enactment, it will presumably also provide an avenue to allow retroactive application.[3] If that happens, preservation of rights at this time is unnecessary.

In addition to changing the statutory penalties, the FSA also directed the United States Sentencing Commission to review and amend the Sentencing Guidelines to conform with the FSA. Pub. L. No 111-220, 124 Stat. 2372, § § 5-8. The Commission has voted to apply the guidelines amendment retroactively, and the permanent amendment implementing the FSA and retroactivity provision will be effective November 1, 2011, absent contrary action by Congress.[4] The Sentencing Commission cannot make statutory changes of the FSA retroactive, but if a retroactive amendment to the sentencing guidelines lowers Defendant's term of imprisonment, he may file a motion for modification of sentence. 18 U.S.C. § 3582(c)(2). *But see* doc. 215 (order denying motion for reduction of sentence based on Amendment 706, a retroactive amendment reducing the guidelines range for some cocaine base offenses, Defendant's offense level was "determined pursuant to the career offender provisions found in U.S.S.G. §

---

[3] A bill to enact the Fair Sentencing Clarification Act of 2010 is being considered in the House of Representatives; on August 25, 2011, the House Committee on the Judiciary referred it to the Subcommittee on Crime, Terrorism, and Homeland Security. *See* http://www.govtrack.us/congress/bill.xpd?bill=h112-2316. There is a link to the bill as submitted to the House for consideration on June 23, 2011, the latest version of the bill available on that site. The proposed Act would authorize the sentencing court – on motion of defendant, the Director of the Bureau of Prisons, or the court's own motion – to reduce the term of imprisonment for a defendant sentenced prior to the FSA's enactment, and sentenced pursuant to, inter alia, 21 U.S.C. § 841(b)(1)(A)(iii) or 841(b)(1)(B)(iii).

[4] *See* http://www.ussc.gov/Legislative_and_Public_Affairs/, press release of June 30, 2011.

4B1.1 and not the crack cocaine provisions found in U.S.S.G. § 2D1.1," so he was not entitled to a reduction) (citation omitted)..

Finally, it is noted that Defendant did not file his motion pursuant to § 2255 and it is not construed as a § 2255 motion. As Defendant has already been denied § 2255 relief,[5] he would have to obtain authorization before filing a second or successive motion. § 2255(h); § 2255 Rule 9. Accordingly it is unnecessary to determine whether a certificate of appealability should or should not issue.[6]

It is therefore respectfully **RECOMMENDED** that the motion for preservation of rights (doc. 240) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 1, 2011.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *See* docket entries 47, 56, and 58 in ECF (Electronic Case Filing) (amended motion and report and recommendation as adopted by the court). Given the age of the case the court is unable to retrieve those documents, and the initial § 2255 motion does not appear on the ECF docket at all (which begins with doc. 46, the order directing Defendant to amend).

[6] The court must issue or deny a certificate of appealability when it enters a final order adverse to a § 2255 movant. § 2255 Rule 11(a); *see also* Fed.R.App.P. 22(b) (requiring that, if the movant appeals, the clerk send any certificate and statement made under Rule 11(a) along with the notice of appeal to the court of appeals).

Case No. 5:91cr5008-WS

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.